IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAYLON M. BROWN,<br><br>        Plaintiff,<br><br>v.<br><br>EDWARD B. WILLIAMS and CATHERINE E. WILLIAMS,<br><br>        Defendants. | CASE NO.:<br><br>*Civil Action*<br><br><br><br><br><br>**COMPLAINT** |

Plaintiff, Maylon M. Brown ("Plaintiff"), by and through his undersigned counsel, hereby submits this Complaint against Defendants, Edward B. Williams and Catherine E. Williams (collectively, "Defendants"), and in support thereof, states as follows:

### PARTIES

1. Plaintiff is an individual resident of the State of New Jersey residing at 234 Purdue Avenue, Pemberton, New Jersey 08068.

2. Upon information and belief, Defendants are individual residents of the Commonwealth of Pennsylvania residing at 827 Lake Street, Bristol, Pennsylvania 19007.

### JURSIDCTIONAL STATEMENT

3. This court has jurisdiction over this matter as the parties reside in different states and the amount in controversy exceeds $75,000.00.

### FACTS COMMON TO ALL COUNTS

4. Plaintiff is an elderly male in his later 8o's or early 90s.

5. Here, the real property in dispute is located at 827 Lake Street, Bristol, Pennsylvania 19007 (the "Property") which was conveyed to Plaintiff by written deed dated

September 10, 2008 and recorded in the Office of the Clerk of Bucks County on October 6, 2008 in Book 5925, Page 227.

6. In or around November 2015, Plaintiff and Defendants entered into a contract for the sale of the subject property to Defendants.

7. Specifically, the parties agreed that Plaintiff would sell the property to Defendants for the total amount of $150,000.00 and the closing would take place in early December 2015.

8. The subject property is currently listed as being worth approximately $600,000.00 and it was valued at approximately $300,000.00 at the time of closing.

9. The property went to closing on December 4, 2015, which closing took place in the State of New Jersey, and at which time Plaintiff conveyed the property to Defendants by way of written deed, which deed was recorded in the Office of the Clerk of Bucks County on December 18, 2015 at Instrument Number 2015077787.

10. Plaintiff avers that the deed is invalid as Defendant Catherine E. Williams, the notary on page 4 of the deed, was not present at the signing of the deed.

11. Further, the deed contains a defect in that Defendant Catherine E. Williams, also the grantor on the deed instrument, allegedly witnessed and notarized the instrument/document.

12. Moreover, Defendant Edward B. Williams paid Plaintiff the total of $50,000.00, in cash, and the parties agreed that the remainder of the contract price would be paid out in periodic installments.

13. Defendant Williams then paid Plaintiff nothing until January 2023 when he remitted an additional $5,000.00 in cash to Plaintiff.

14. Aside from these two discrete payments, Defendants have not paid the balance of monies due to Plaintiff to date.

15. Specifically, Defendants owe approximately $95,000.00 on the remainder of the contract to Plaintiff.

## COUNT ONE
## RESCISSION – BREACH OF CONTRACT

16. Plaintiff hereby incorporates the foregoing paragraphs and allegations as if set forth in detail herein.

17. As outlined above, Defendants entered into a contract to purchase the subject property from Plaintiff for the total amount of $150,000.00.

18. The closing took place on December 4, 2015 and at that time, Defendants paid to Plaintiff the amount of $50,000.00 and they have since remitted an additional $5,000.00 in January 2023.

19. Pursuant to the parties' contract, however, Defendants agreed to pay the total amount of $150,000.00 for the property.

20. To date, Defendants have only paid to Plaintiff the total amount of $55,000, with $95,000.00 remaining to be paid.

21. Thus, Defendants failed to uphold their side/end of the promise/bargain.

22. Moreover, Plaintiff did comply with his obligations, as he conveyed the property, with marketable title, to Defendants by written deed, which deed was duly recorded.

23. Thus, Plaintiff has complied with the parties' contract/agreement while Defendants have breached same.

24. As a result of Defendants' breach, Plaintiff has sustained damages in the total amount of $95,000.00.

25. The court should, therefore, enter judgment for Plaintiff and against Defendants, awarding Plaintiff the amount of its contract and/or rescinding the sale into Defendants for their failure to uphold the contract.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment:
(a) ordering that Defendants pay to Plaintiff the amount of $95,000.00;
(b) ordering that Defendants have no right, title, or interest in the Property;
(c) ordering that the December 2015 recorded deed be stricken, cancelled, and discharged of record; and
(d) granting Plaintiff any such other relief as the Court deems equitable and just.

## COUNT TWO
## RESCISSION – FAILURE TO COMPLY WITH STATUTE

26. Plaintiff hereby incorporates the foregoing paragraphs and allegations as if set forth in detail herein.

27. As outlined above, Plaintiff sold the subject property to Defendants on or about December 4, 2015.

28. The conveyance/transaction was memorialized by written deed, which deed was recorded in the Office of the Clerk of Bucks County on December 18, 2015 at Instrument Number 2015077787.

29. Pursuant to N.J.S.A. § 52:7-10.7:

a. A notarial officer may perform a notarial act authorized by P.L.1979, c.460 (C.52:7-10 et seq.), as amended and supplemented by P.L.2021, c.179 (C.52:7-10.1 et al.), and any other applicable law.

b. A notarial officer *may not perform a notarial act with respect to a record to which the officer or the officer's spouse or civil union partner is a party, or in which either of them has a direct beneficial interest.* A notarial act performed in violation of this subsection is voidable.

c. A notarial officer may certify that a tangible copy of an electronic record is an accurate copy of the electronic record. (emphasis added)

30. Moreover, per 57 Pa.C.S. § 304:

(a) Permitted. A notarial officer may perform a notarial act authorized by this chapter or by statutory provision other than this chapter.
(b) Prohibited.
  (1) A notarial officer *may not perform a notarial act with respect to a record in which the officer or the officer's spouse has a direct or pecuniary interest*.
  (2) For the purpose of this subsection, none of the following shall constitute a direct or pecuniary interest:
    (i) being a shareholder in a publicly traded company that is a party to the notarized transaction;
    (ii) being an officer, director or employee of a company that is a party to the notarized transaction, unless the director, officer or employee personally benefits from the transaction other than as provided under subparagraph (iii); or
    (iii) receiving a fee that is not contingent upon the completion of the notarized transaction.
  (3) A notarial act performed in violation of this subsection is voidable.
(c) Certification of tangible copies. A notarial officer may certify that a tangible copy of an electronic record is a true and correct copy of the electronic record.

31. As outlined above, Defendants herein, the beneficiaries of the deed/conveyance that was acknowledged/notarized, involved Defendants directly and/or the spouse of the Defendants.

32. As a result, the deed instrument, and with it, the conveyance itself is void.

33. The court should, therefore, enter judgment for Plaintiff discharging the erroneous deed into Defendants herein.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment:
  (a) ordering that Defendants have no right, title, or interest in the Property;
  (b) ordering that the December 2015 recorded deed be stricken, cancelled, and discharged of record; and
  (c) granting Plaintiff any such other relief as the Court deems equitable and just.

## COUNT THREE
## CONSUMER FRAUD

34. Plaintiff hereby incorporates the foregoing paragraphs and allegations as if set forth in detail herein.

35. Defendant Edward Williams represented to Plaintiff , an elderly man, that he intended to pay the full price due on installment and that this was an honest and truthful sale.

36. Defendants, however, engaged in an unlawful practice and in deceptive and unconscionable commercial practices by a deceptive deed with no notary present.

37. Plaintiff has suffered significant damages and ascertainable losses as a result of Defendants' egregious conduct.

38. Defendants' behavior is the direct and proximate cause of the losses and damages Plaintiff has suffered.

## COUNT FOUR
## UNJUST ENRICHMENT

39. Plaintiff hereby incorporates the foregoing paragraphs and allegations as if set forth in detail herein.

40. As outlined above, Plaintiff and Defendants entered into a contract for the sale of the subject property.

41. Per the parties' agreement, Defendants were to pay Plaintiff the total amount of $150,000.00.

42. Defendants, however, have breached that agreement by only paying $55,000.00, with a remaining balance of $95,000.00.

43. Defendants retain the $95,000.00 benefit that they received and have not paid Plaintiff for that benefit to date.

44. Defendants, therefore, have been unjustly enriched in that they retain a benefit they should not have.

45. The court should, therefore, enter judgment for Plaintiff for the amount in difference.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment:
(a) ordering that Defendants pay to Plaintiff the amount of $95,000.00;
(b) ordering that Defendants have no right, title, or interest in the Property;
(c) ordering that the December 2015 recorded deed be stricken, cancelled, and discharged of record; and
(d) granting Plaintiff any such other relief as the Court deems equitable and just.

_____
Gregory G. Johnson, Esq.
NJ Bar ID: 10701987
Lawrenceville, New Jersey 08648
(800) 930-9778
*Attorneys for Plaintiff, Maylon M. Brown*

Dated: December 26, 2023