UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MAYLON M. BROWN, <br><br> Plaintiff, <br><br> v. <br><br> EDWARD B. WILLIAMS and CATHERINE E. WILLIAMS, <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br><br> Civil Action <br> No. 1:23-cv-23324-KMW-SAK <br><br><br> **MEMORANDUM OPINION** |
| **Gregory G. Johnson, Esq.** <br> 282 Glenn Avenue <br> Lawrenceville, NJ 08648 <br><br> *Counsel for Plaintiff Maylon M. Brown* | **Scott L. Puro, Esq.** <br> WEIR ATTORNEYS <br> 2109 Pennington Road <br> Ewing, NJ 08638 <br><br> *Counsel for Defendants Edward B. Williams and Catherine E. Williams* |

**WILLIAMS, District Judge:**

I.   **INTRODUCTION**

Before the Court is the Motion of defendants Edward and Catherine Williams ("Defendants") to dismiss the Complaint of plaintiff Maylon Brown ("Plaintiff") for lack of subject matter jurisdiction. Plaintiff has opposed Defendants' Motion. For the reasons articulated below, Defendants' Motion is granted and this matter is dismissed accordingly.

## II. BACKGROUND

This is a dispute concerning real property located at 827 Lake Street in Bristol, Pennsylvania (the "Property"). In or around November 2015, Plaintiff agreed to sell the Property to Defendants for $150,000, with $50,000 due at closing and the remaining balance to be satisfied in installments over an unspecified period time. When the parties closed on their deal on December 4, 2015, Plaintiff was paid $50,000 and the Property was conveyed to Defendants by way of a written deed, which was subsequently recorded in Bucks County, Pennsylvania.

Plaintiff now seeks to void the deed, roll back the conveyance, and regain his title to the Property. As a citizen of New Jersey, Plaintiff elected to file suit in this Court, purporting to invoke its diversity of citizenship jurisdiction under 28 U.S.C. § 1332. In his Complaint, Plaintiff claims that the deed is defective in various ways, and that the conveyance is consequently invalid. He also claims that Defendants have not made payments to him as anticipated. For these reasons, Plaintiff demands, among other relief, that the Court rescind the parties' agreement, declare that Defendants' have no title to the property, and order that the Pennsylvania deed be stricken.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1) a defendant may seek dismissal of a complaint based on a court's lack of subject matter jurisdiction. "At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'" *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 5 U.S. 137, 1 Cranch (5 U.S.) 137, 173–180 (1803)).

When considering a Rule 12(b)(1) motion, "[a] district court has to first determine . . . whether [the] motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014) (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). As the Third Circuit has explained:

> A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present. Such an attack can occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint.

*Id*. at 358 (citing *Mortensen*, 549 F.2d at 891). On the other hand, a factual attack "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id*.

## IV.   DISCUSSION

In the instant Motion, Defendants submit that Plaintiff's Complaint must be dismissed for want of subject matter jurisdiction. More specifically, Defendants argue that this is a "local action" and that this Court cannot entertain a suit involving property located in Pennsylvania.[1] The Court agrees.

The "local action doctrine" embodies the well-established rule barring federal and state courts from exercising jurisdiction over certain actions affecting real property situated in a different state. *See Minichiello Realty Assocs., Inc. v. Britt*, 460 F. Supp. 896, 897 (D.N.J. 1978), *aff'd*, 605 F.2d 1196 (3d Cir. 1979). The applicability of the doctrine pivots on whether an action

---

[1] The Court construes Defendants' Motion as a facial attack to subject matter jurisdiction. As such, the Court considers only the Complaint and presumes that the allegations contained therein are true.

is "local" or "transitory." *See id.* Generally speaking, local actions "are essentially *in rem* and may only be prosecuted where the thing on which they are founded is situated." *In re Sch. Asbestos Litig.*, 921 F.2d 1310, 1319 (3d Cir. 1990) (quotation marks omitted). A suit involving "title to or possession of" real property is an example of a local action. *Id.* In contrast, transitory actions are those in which the facts and circumstances giving rise to the suit "might have taken place anywhere." *Id.* (quoting *Livingston v. Jefferson*, 15 F. Cas. 660, 664 (C.C.D. Va. 1811)) (internal quotation marks omitted).

When determining whether an action is local or transitory, federal courts sitting in diversity jurisdiction look to the law of the forum state. *See Minichiello Realty*, 460 F. Supp. at 897; *see also Gen. Elec. Cap. Corp. v. E. Coast Yacht Sales Inc.*, 757 F. Supp. 19, 20 (E.D. Pa. 1991). In New Jersey, it has long been the law that local actions include "not only actions involving title to real estate," but indeed "all actions arising out of a local subject, or a local right or interest, even [if] the remedy sought is merely money damages." *Minichiello Realty*, 460 F. Supp. at 898. On the other hand, actions are deemed transitory simply "when there is no dispute of title or right of possession." *X-Rail Sys., Inc. v. Norfolk & W. Ry. Co.*, 485 F. Supp. 553, 555 (D.N.J. 1980).

In his Opposition to Defendants' Motion, Plaintiff takes no position as to whether this suit is local or transitory. Rather, he recites the components of diversity of citizenship jurisdiction and insists that this case checks those boxes. Clearly, Plaintiff has missed the point. *See Minichiello Realty*, 460 F. Supp. at 897 (noting that a federal district court cannot adjudicate local actions "when its sole jurisdiction is diversity of citizenship"). Even so, a review of Plaintiff's claims readily confirms that this is indeed a local action.

In his Complaint, Plaintiff asserts three counts for contract recission, declaratory judgment, and unjust enrichment.[2] Under each of these counts, Plaintiff demands identical relief, namely that the Court (1) declare that "Defendants have no right, title, or interest in the Property"; and (2) order, presumably the Bucks County Recorder of Deeds, to strike, cancel, and/or discharge the deed from its records. *See* Compl. at 4–5, 7. These remedies are indicative of a classic local action that should have been brought in Pennsylvania—not a federal district court sitting in New Jersey.[3] *See Plainfield Courier News Co. v. Hollander*, 226 A.2d 51 (N.J. Super. Ct. Ch. Div. 1967) (holding that suit to cancel land purchase contract and for money judgment was a local action).

## V. CONCLUSION

Defendants' Motion to Dismiss must be granted because this Court lacks subject matter jurisdiction. But while the Court dismisses Plaintiff's Complaint, it does so without prejudice so that he may refile it in a Pennsylvania court of competent jurisdiction.

Dated: August 14, 2024

*/s/ Karen M. Williams*
KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE

---

[2] Although the Complaint purports to assert a claim for "consumer fraud" under Count III, it does not appear to invoke any particular consumer fraud statute and contains no factual allegation that could ostensibly support such a claim. Regardless, Plaintiff's Opposition neither acknowledges nor rebuts Defendants' specific arguments for its dismissal, and this Court thus deems it abandoned.

[3] In light of this finding, the Court need not address Defendants' other arguments for dismissal.